UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ADRON LITTLEMANE FLOYD,

    Petitioner,

v.                                            Case No. 2:09-cv-190
                                              HON. ROBERT HOLMES BELL

GARY CAPELLO,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

On February 17, 1999, Petitioner Adron Littlemane Floyd pleaded guilty to one count of possession with the intent to deliver less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv). Petitioner was sentenced to one to twenty years in prison. Following a number of post-conviction filings not relevant to this petition, the Michigan Supreme Court vacated Petitioner's sentence and ordered Petitioner to serve life probation, absent a statement from the trial court of reasons departing from the guidelines. The trial court resentenced Petitioner to lifetime probation. On September 26, 2006, Petitioner pleaded guilty to violating his probation and was ultimately sentenced to one to fifteen years in prison for the probation violation. Thereafter, Petitioner filed the instant petition for writ of habeas corpus. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and

recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

  Petitioner asserts the following claims:

I. Petitioner was subject to multiple punishments in violation of the Double Jeopardy Clause.

II. Petitioner did not waive his constitutional right to counsel prior to pleading guilty.

  In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

  The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state

court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

- 3 -

Petitioner first argues that he was subject to multiple punishments in violation of the Double Jeopardy Clause. The Fifth Amendment to the United States Constitution provides, in part, that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." This prohibition now extends to the states by reason of the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784 (1969). For double jeopardy protections to apply, Petitioner must first have been put in jeopardy by a criminal prosecution in a court of justice. Under Michigan law, a probation violation hearing does not constitute a criminal prosecution. *People v. Johnson*, 191 Mich. App. 222, 227, 477 N.W.2d 426, 429 (1991). If a judge finds that a probationer violated the terms of the probation, the probationer is neither burdened with a new conviction nor exposed to punishment other than that to which he was already exposed as a result of the previous conviction for which he is on probation. *Id*. at 226. Here, since Petitioner was sentenced to one to fifteen years based on a probation violation to which he pleaded guilty, Petitioner has not been put in double jeopardy.

Furthermore, as a general rule, a plea of guilty conclusively admits the defendant's guilt to the crime charged, and any subsequent collateral attack upon that plea is limited to an inquiry as to whether the plea was voluntary and knowing. *United States v. Broce*, 488 U.S. 563, 569 (1989). However, when the language of the charging document plainly indicates that no legally cognizable additional crime was charged to which the defendant could properly have entered a guilty plea, there is an exception to this general rule. *Id*. at 575.[1] Similarly, since Petitioner clearly stated that he is not challenging his plea, he is not permitted to challenge his guilty-plea-based conviction

---

[1] In *Quasney*, the Eastern District of Michigan found that the petitioner, after admitting guilty to two counts of armed robbery, could not collaterally attack his guilty-plea based convictions on double jeopardy grounds. *Quasney v. Vasbinder*, No-05-74895, 2008 WL 2648992, at *11-12 (E.D. Mich. July 1, 2008).

on double jeopardy grounds under the circumstances of this case where there exists no concerns regarding multiple criminal convictions for the same act.

Petitioner next argues that he did not waive his constitutional right to counsel prior to pleading guilty. However, Petitioner failed to present this claim in either his direct appeal or in his motion for relief for judgment. Respondent asserts that Petitioner procedurally defaulted this issue by failing to present it on direct review. When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 ( 2002). A petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 495

(1986)). This exception is reserved for a very narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

Constitutionally ineffective assistance of counsel is "cause" for a procedural default, but "[a]ttorney error short of ineffective assistance of counsel...does not and will not excuse a procedural default." *McCleskey v. Zant,* 499 U.S. 467, 494 (1991) (citing *Murray v. Carrier,* 477 U.S. 478, 486-488 (1986). To the extent that Petitioner attempts to establish cause to excuse his procedural default by claiming that his appellate counsel was ineffective for failing to raise his claims in his direct appeal, he does not do so. A criminal defendant does not have "a constitutional right to compel appointed counsel to press non-frivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes,* 463 U.S. 745, 751 (1983). The Supreme Court has also held that "[f]or judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy." *Id.* at 754.

The choice regarding which issues to pursue on appeal is a strategic one that is "properly left to the sound professional judgment of counsel." *United States v. Perry,* 908 F.2d 56, 59 (6th Cir. 1990). The Supreme Court explained: "This process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray,* 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes,* 463 U.S. 745, 751-752 (1983)).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by failing to raise in his appeal those claims that were first raised in his post-conviction motion. Moreover, none of the claims raised by Petitioner

in his post-conviction motion were obvious from the trial court record and would have resulted in a reversal on appeal. *Mead v. Lavigne,* 265 F. Supp 2d 849, 870 (E.D. Mich. 2003).

Where a petitioner fails to show cause, the court need not consider whether he has established prejudice. *See Engle*, 456 U.S. at 134 n.43; *Leroy v. Marshall*, 757 F.2d 94, 100 (6th Cir.), *cert. denied*, *Leroy v. Morris*, 474 U.S. 831, 106 S. Ct. 99 (1985). Regardless, Petitioner cannot show prejudice for his default. Prejudice requires the petitioner to show that the alleged error "worked to his *actual* and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)), *cert. denied*, 516 U.S. 992 (1995). "'[T]he prejudice component of the cause and prejudice test is not satisfied if there is strong evidence of petitioner's guilt and a lack of evidence to support his claim.'" *Perkins*, 58 F.3d at 219 (quoting *Rust*, 17 F.3d at 161-62). Each of Petitioner's claims are patently without merit. Accordingly, Petitioner has failed to establish both cause and prejudice.

The narrow exception for fundamental miscarriages of justice is reserved for the extraordinary case in which the alleged constitutional error probably resulted in the conviction of one who is actually innocent of the underlying offense. *Dretke v. Haley,* 541 U.S. 386, 388 (2004); *Murray v. Carrier,* 477 U.S. 478, 496 (1986). A claim of actual innocence "requires [the] petitioner to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Here, Petitioner has not presented any new evidence in support of a claim of actual innocence; therefore, a miscarriage of justice will not occur as a result of the Court's failure to consider the substantive merits of Petitioner's claims in spite of the procedural default. Accordingly, the undersigned concludes that Petitioner's second claim is procedurally defaulted.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: June 30, 2011